UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PAOLO PIZZETTI,                                              Index No.:

                Plaintiff,
  -against-

ANNIE LEIBOVITZ, LEIBOVITZ            **VERIFIED COMPLAINT**
STUDIO, INC and LAVAZZA PREMIUM       **AND JURY DEMAND**
COFFEES CORP.,

                Defendants.
------------------------------------------------------X



Plaintiff Paolo Pizzetti ("Pizzetti"), through his undersigned counsel, Dunnington, Bartholow & Miller LLP, by Verified Complaint alleges as follows:

## NATURE OF THE ACTION

This action arises out of Defendant's unlawful use of Plaintiff's copyrighted photographs.

## JURISDICTION AND VENUE

1. This court has original and exclusive jurisdiction of this action under 28 U.S.C. §1338(a) because the action is a federal question that arises under the Copyright Act, 17 U.S.C. §101 et seq.

2. This court has diversity jurisdiction under 28 U.S.C. § 1332(a) (1) because the matter in controversy exceeds $75,000 and is between citizens of different countries.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) (1) because all defendants reside in the State of New York.

4.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) (2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## JURY DEMAND

5.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Paolo Pizzetti hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

## PARTIES

6.  Plaintiff Paolo Pizzetti is an Italian citizen with a residence at Via Antea 1, 53021 Siena, Italy.

7.  Pizzetti is a photographer associated with StudioNAP, a photography company located at Via Argelati 35, 20143 Milano, Italy.

8.  Pizzetti is the copyright owner of a collection of two photographs, "Untitled Collection", registered with the United States Copyright Office as registration number VAu991-340.  The collection consists of two photographs, one of the Trevi Fountain ("Trevi") and one of the Plaza San Marco ("Plaza").  Annexed hereto and marked as Exhibit 1 is a true and accurate copy of the Certificate of Registration for "Untitled Collection" with the U.S. Copyright Office.  Annexed hereto and marked as Exhibit 2 are true and accurate copies of the photographs included in the "Untitled Collection".

9.  Upon information and belief, Defendant Annie Leibovitz (individually, "Leibovitz", with Defendant Leibovitz Studio, Inc, "the Leibovitz Defendants") is a New

York resident and a commercial photographer with a current business address of 755 Greenwich Street, New York, NY 10014.

10. Upon information and belief, Defendant Leibovitz Studio, Inc. (individually, "the Studio") is a New York Corporation with the last known business address of 755 Greenwich Street, New York, NY 10014.  Annexed hereto and marked as Exhibit 3 is a true and accurate copy of the entity information from the New York Division of Corporations.

11. Upon information and belief, Defendant LavAzza Premium Coffees Corporation ("LavAzza") is a corporation incorporated under the laws of the state of New York with principal offices located at 3 Park Avenue, 28th Floor, New York, NY 10016.  Annexed hereto and marked as Exhibit 4 is a true and accurate copy of the entity information for LavAzza from the New York Division of Corporations.

**FACTS**

12. Upon information and belief, LavAzza, a leading Italian coffee company, hired defendant Annie Leibovitz to photograph the 2009 LavAzza calendar, an integral part of LavAzza's advertising campaign.

13. Upon information and belief, on or around March 2008, the Leibovitz Defendants contacted Pizzetti to scout certain locations in Italy for the upcoming shoot.

14. On or around April 14-15, 2008, Pizzetti scouted Venice, Verona, Gubbio, Rome, Umbria and Tuscany, photographing several buildings, roads, squares, monuments and famous landmarks.  Pizzetti then sent the Leibovitz Defendants digital images of the photographs he took while scouting.

15. Pizzetti was informed that Leibovitz intended to photograph the Trevi Fountain and Ponte Milvio in Rome and the Piazza San Marco in Venice on April 14 and 15, 2008 and was asked to assist with the photo shoot.  Annexed hereto and marked as Exhibit 5 is a true and accurate copy of an e-mail dated April 3, 2008 from Karen Mulligan of the Studio to Pizzetti.

16. Upon information and belief, Leibovitz never traveled to Italy to photograph those locations.

17. On or around April 21, 2008, the Leibovitz Defendants requested that the Trevi photograph and the Plaza photograph be uploaded to the Leibovitz Defendant's FTP site in high resolution.  Annexed hereto and marked as Exhibit 6 is a true and accurate copy of an e-mail dated April 21, 2008 from Chad Riley of the Studio and Paolo Pizzetti.

18. At no point did Pizzetti authorize publication of his images Trevi or Plaza.

19. Leibovitz had originally planned to shoot the calendar in Italy in or around September 2008, and the Leibovitz Defendants had asked Pizzetti to assist with the photo shoot.  Annexed hereto and marked as Exhibit 7 is a true and accurate copy of an e-mail dated May 23, 2008 from Karen Mulligan of the Studio to Pizzetti.

20. On or around June 17, 2008, Pizzetti submitted an invoice for his scouting work in Rome and Venice.  Annexed hereto and marked as Exhibit 8 is a true and accurate copy of the invoice sent via e-mail on June 17, 2008.

21. On July 30, 2008, Pizzetti was notified via e-mail that the shoot would no longer be taking place in Italy, but in New York.  Annexed hereto and marked as Exhibit 9 is a true and accurate copy of an e-mail dated July 30, 2008 from Georgina Koren of the Studio.

22. On or around October 14, 2008, LavAzza released their 2009 calendar, crediting all of the photography to Leibovitz.  Annexed hereto and marked as Exhibit 10 is a true and accurate copy of LavAzza's calendar from their website as well as screen shots of each individual photograph.

23. Shortly after the release of the 2009 LavAzza Calendar, Pizzetti saw a copy and noticed that two of the photographs in the Calendar were the scouting photographs, Trevi and Plaza, he had sent to the Leibovitz Defendants in high resolution.  Upon information and belief, without Pizzetti's permission, the Leibovitz Defendants superimposed photographs of models on the Trevi and Plaza photographs.

24. Comparison of the Trevi photograph with the 2009 LavAzza Calendar photo for the months of November and December (See Exhibit 11, the Trevi photograph taken by Pizzetti and the November and December page of the 2009 LavAzza Calendar) shows that the water falling from the rocks is falling in exactly the same place and in the same manner in both.  It is clear that the Leibovitz Defendants copied the Trevi work authored by Pizzetti and edited it by superimposing models in post production, creating an infringing derivative work.

25. Comparison of the Plaza photograph with the 2009 LavAzza Calendar covers (See Exhibit 12 the Plaza photograph taken by Pizzetti and the cover page of the 2009 LavAzza Calendar) shows the same wet weather conditions, cloud formation and the same bird in the upper left portion of the photograph, just above the line of buildings.  It is clear that the Leibovitz Defendants copied the Plaza work authored by Pizzetti and edited it by superimposing models in post production, creating an infringing derivative work.

26. At no point did the Leibovitz Defendants convey to Pizzetti that she planned on using his Trevi photograph and his Plaza photograph in the calendar or request his permission to do so.

27. Neither the Leibovitz Defendants nor a representative from LavAzza ever contacted Pizzetti to obtain rights or permissions to use his photographs.

28. In using the Trevi and Plaza photographs without permission, the Studio infringed on Pizzetti's copyright.

29. As a corporate officer of the Studio who oversaw the production of the 2009 LavAzza Calendar and personally oversaw creation of the infringing derivative works. Leibovitz is personally liable for any copyright infringement perpetrated by the Studio.

## CLAIM I:
## COPYRIGHT INFRINGEMENT

30. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

31. Plaintiff is proprietor of all right, title, and interest in and to the copyright of the Trevi and Plaza photographs registered with the United States Copyright Office as "Untitled Collection" pursuant to 17 U.S.C. §411(a).  See Exhibit 1.

32. Under 17 U.S.C. §106, Plaintiff has the exclusive right to publish, reproduce, distribute and create derivative works from the Trevi and Plaza photographs.

33. The Trevi and Plaza photographs were taken by Pizzetti for the sole purpose of scouting locations and are copyrightable subject matter under the laws of the United States.

34. Defendants infringed Plaintiff's copyright, in violation of the Copyright Act, 17 U.S.C. §101 et seq., by knowingly using a copy of the unpublished Trevi and Plaza photographs without obtaining rights or permissions from Pizzetti.

35. Plaintiff prays for an order awarding statutory damages pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement.

36. Plaintiff is further entitled to an injunction pursuant to 17 U.S.C.A. § 502 to prevent and restrain infringement by Ordering Defendant not to publish, distribute, or in any way disseminate the Trevi and Plaza photographs.

### CLAIM II:
### INJUNCTION

37. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

38. Plaintiff seeks an injunction prohibiting the use of Plaintiff's works and the destruction and impoundment of any unauthorized works incorporating Plaintiff's works under 17 U.S.C. §§502-503.

### CLAIM III:
### COSTS AND ATTORNEYS' FEES

39. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

40. Pursuant to 17 U.S.C. §505, this Court may allow the recovery of full costs and reasonable attorneys' fees in any civil action brought pursuant to the Copyright Act.

41. Accordingly, Plaintiff requests that this Court award Plaintiff reasonable attorneys' fees and the costs of this action pursuant to 17 U.S.C. §505.

**WHEREFORE,**

A. Permanently enjoining defendants Annie Leibovitz and LavAzza and their officers, agents, servants, employees and all persons acting in concert or participation with them from publishing, distributing, disseminating or copyrighting the Trevi and Plaza photographs or any material created with use of the Trevi and Plaza photographs; or making any other false designations of origin; and

B. Ordering the destruction and impoundment of any unauthorized works incorporating Plaintiff's works; and

C. Awarding damages and attorneys fees to Plaintiff; and

D. For such other and further relief as the Court deems just.

Dated: New York, New York
September 4, 2009

                    Respectfully submitted,

                    **DUNNINGTON BARTHOLOW & MILLER LLP**

By: _____
                    Raymond J. Dowd (RD-7508)
                    1359 Broadway, Suite 600
                    New York, New York 10018
                    Tel: (212) 682-8811
                    Fax: (212) 661-7769
                    rdowd@dunnington.com

                    *Attorneys for the Plaintiff*
                    *Paolo Pizzetti*

## VERIFICATION

PAOLO PIZZETTI, being duly sworn, deposes and says:

1. That I am the Plaintiff in the above-referenced action herein.

2. I swear under penalties of perjury of the laws of the United States of America that I have read the annexed Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Paolo Pizzetti